(C.D. 4073)

IMPORT SALES, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided September 3, 1970)

*Glad & Tuttle* (*Edward N. Glad* of counsel) for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General (*Bernard J. Rabb* and *Andrew P. Vance*, trial attorneys), for the defendant.

Before RICHARDSON, LANDIS, and ROSENSTEIN, Judges

LANDIS, Judge: The merchandise of this protest, imported from Japan and entered at Honolulu, Hawaii, is described on the invoice as "Clay Barbecue Kamado Pots". "Kamado" is a Japanese word meaning oven or stove.

Customs assessed the pots with duty at 10 cents per dozen pieces and 22 per centum ad valorem under TSUS (Tariff Schedules of the United States) item 533.37, as articles chiefly used for the preparation of food, of fine-grained earthenware or stoneware.

Plaintiff agrees that the pots are chiefly used for the preparation of food but claims they are of coarse-grained earthenware or stoneware, dutiable at only 5 per centum ad valorem, under TSUS item 533.11.

TSUS items 533.37 and 533.11 are in TSUS, schedule 5, part 2,

subpart C, which covers ceramic articles chiefly used for the preparation of food. The items appear, in pertinent context, as follows:

Articles chiefly used for preparing, serving, or storing food or beverages, or food or beverage ingredients:

| | | |
|---|---|---|
| 533.11 | Of coarse-grained earthenware, or of coarse-grained stoneware_____ | 5% ad val. |
| | * * * * * | * * |
| | Of fine-grained earthenware (except articles provided for in items 533.14 and 533.16) or of fine-grained stoneware: Available in specified sets: | |
| | * * * * * | * * |
| | Not available in specified sets: | |
| | * * * * * | * * |
| | Other articles: | |
| | * * * * * | * * |
| 533.37 | Cups valued over $1 per dozen, saucers valued over $0.55 per dozen, plates not over 9 inches in maximum diameter and valued over $0.90 per dozen, plates over 9 but not over 11 inches in maximum diameter and valued over $1.55 per dozen, and other articles valued over $2 per dozen__ | 10¢ per doz. pcs. + 22% ad val. |

The kamado pots are concededly earthenware or stoneware ceramic articles. The only issue is whether they are coarse-grained or fine-grained. Part 2, *supra*, fixes the legal meaning of the terms "coarse-grained" and "fine-grained", as follows:

Part 2 headnotes:

* * * * * * *

2. For the purposes of the tariff schedules—

* * * * * * *

(h) the term "coarse-grained", as applied to ceramic ware, embraces such wares having a body made of materials none of which had been washed, ground, or otherwise beneficiated;

(i) the term "fine-grained", as applied to ceramic wares, embraces such wares having a body made of materials any of which had been washed, ground, or otherwise beneficiated; * * *

We find the evidence insufficient to overcome the presumption that the "pots" are in fact fine-grained, as classified by customs, and

overrule the protest. *Hayes-Sammons Chemical Co.* v. *United States*, 55 CCPA 69, 72, C.A.D. 935 (1968).

Mr. Masanobu Nishioka, vice-president of Import Sales, Inc., before its merger with Pacific Suppliers, his employer at the time of trial, testified. He did not testify, indeed, he was not qualified to testify that the kamado pots were in fact "coarse-grained" and not "fine-grained".

Exhibits 1 and 2 pictorially illustrate what kamado pots look like. Also in evidence are fragmented sections, from the damper top of a kamado pot (exhibit 3) ; from the pot itself (exhibit 4) ; and from the grate of the pot (exhibit 5). The fragmented sections were not taken from the imported shipment but are pieces which the witness found in another shipment; "in the yard of * * * [his] company", and in the company "warehouse". Asked if exhibit 3 was of the same composition as the imported kamado pots, Mr. Nishioka stated that broken pieces of kamado pots "look the same" to him.

The terms "coarse-grained" and "fine-grained", as defined *supra*, and as applied to ceramic ware, are objectively tied to the question whether the material in the body has been washed, ground, or otherwise beneficiated. "They [the terms] refer not so much to the texture of the product as to the fact that the materials used are either unrefined or refined. * * * Coarse-grained ware is defined in headnote 2(h) only as having a body made of materials none of which has been washed, ground, or otherwise beneficiated. That is, *any clay used in the body cannot have been washed or otherwise purified, and any other material used in the body cannot have been ground or have had impurities removed. * * * If any material used in the body has been washed, ground, or otherwise beneficiated, the resulting ware is classified as fine-grained * * *.*" [Emphasis added.] [1]

Plaintiff's argument suggests that we can decide this case by looking at exhibits 3, 4, and 5. It is plaintiff's position that if the exhibits "are not fine examples of 'coarse-grained ware,' it is difficult to conceive of any ware that responds to this term." On this record, we will have to live with that result. "Exhibits are potent witnesses, if understood", *Morris Friedman* v. *United States*, 57 CCPA 92, C.A.D. 983 (1970). Quite frankly, looking at the exhibits, and lacking expertise as to fine- and coarse-grained earthenware and stoneware, we are unable to decide if any of the material in the body has or has not been washed, ground, or otherwise beneficiated. Even if we could, the exhibits were not taken from the conceivably differently processed imported kamado pots.

The protest is overruled.

Judgment will be entered accordingly.

---

[1] Tariff Classification Study, Schedule 5, page 81.